**James C. Mahan
U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ME2 PRODUCTIONS, INC., | Case No. 2:16-CV-2799 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| NATHAN SILAVONG, et al., | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Koppe's report and recommendation following an order to show cause as to why the defendants should not be severed and all but the first-named defendant dismissed. (ECF No. 27). Plaintiff ME2 Productions, Inc., filed an objection. (ECF No. 36). Defendant Nathan Silavong filed a notice that he does not object "to be severed and dismissed for (sic) [this case]." (ECF No. 32). He filed an objection too, but provided no argument in support of the objection. (ECF No. 35).

Also before the court is plaintiff's motion for entry of clerk's default. (ECF No. 30).

Also before the court is defendants Jose Leyva's and Brigida Pastrana's motion to dismiss or sever for misjoinder. (ECF No. 24). Magistrate Judge Koppe filed a report and recommendation that recommends denying this motion as moot. (ECF No. 28). Plaintiff objected. (ECF No. 36).

The present case is one of many filed by plaintiff against numerous Doe defendants. Exhibit 1 to ME2's objection contains its memorandum and points of authority to support its objections to the instant report and recommendation. (ECF No. 36-1). The exhibit is a carbon copy of plaintiff's objections in the case of *ME2 Productions, Inc. v. Bayu*, case no. 2:17-cv-00724-JCM-NJK. The court issued an order in *Bayu* that adopted Magistrate Judge Koppe's report and recommendation in that case and severed all but the first-named defendant. For the same reasons,

the court finds severance here is appropriate. The remaining first-named defendant who will not be dismissed is Nathan Silavong.

Plaintiff's motion for entry of clerk's default names Nathan Silavong as one of the defendants against whom the plaintiff seeks entry of default. (ECF No. 30). With regard to the other defendants, the motion is moot.

Plaintiff filed the operative amended complaint in this matter on March 3, 2017. (ECF No. 8). Nathan Silavong was served on May 2, 2017, and needed to file an answer to the complaint by May 23, 2017.

On May 15, 2017—before the deadline to file an answer—*pro se* defendant Silavong filed a "notice" regarding the amended complaint, stating the following:

> To whom it may concern;
>
> I, Nathan Silavong, have received the summons for a response requested by HAMRICK & EVANS, LLP and/or United States District Court for the District of Nevada. I will not settle for a fine nor am I guilty of any illegal activities. On January 25, 2017, at approximately 04:30 P.M., I contacted Century Link in regards to my first letter from HAMRICK & EVANS, LLP stating that I am accused of illegally downloading a motion picture and/or responsible for the illegal downloading of a motion picture. I spoke with Emily employee #AB67686, which advised me that if any illegal activity were to occur on my internet account, my account would have been suspended and I would no longer have internet service (which did not happen). On May 3, 2017, at approximately 01:30 P.M. I spoke with Century Link again, after receiving the summons. I spoke with a Tech Support named Keith. He stated the same as Emily from before and reassured me that there was no illegal activities on my account on specified date.
> [signed Nathan Silavong with address].

(ECF No. 20).

Since, defendant Silavong has attempted to participate in this matter twice more, albeit without the aid of an attorney. On June 21, 2017, Silavong mailed a letter to the court stating that he does "not object to be severed and dismissed," referring to Magistrate Judge Koppe's report and recommendation. (ECF No. 32). On June 26, 2017, Silavong filed another document stating that he objects "to not be severed and dismissed without prejudices (sic)." (ECF No. 35).

This court must construe *pro se* filings liberally in the interests of justice and deciding cases on the merits. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations

**James C. Mahan**
**U.S. District Judge**

- 2 -

omitted); *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (holding that a court must consider, as a factor towards whether to enter default judgment, "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits").

Although Silavong's May 15, 2017 does not explicitly style itself an "answer" to the complaint, it clearly constitutes a general denial of the central allegations against Silavong in the operative amended complaint, and therefore, this court will liberally construe the document as Silavong's answer to the complaint. (*See* ECF No. 20). Accordingly, this court will deny the motion for entry of clerk's default.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Koppe's report and recommendation (ECF No. 27) be, and the same hereby is, ADOPTED in part and REJECTED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that all defendants except for Nathan Silavong be, and the same hereby are, dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for entry of clerk's default (ECF No. 30) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Magistrate Judge Koppe's second report and recommendation, which recommends that this court denies defendants Leyva's and Pastrana's motion to dismiss or sever as moot, (ECF No. 28), is ADOPTED in its entirety.

IT IS FURTHER ORDERED that defendants Leyva's and Pastrana's motion to dismiss or sever (ECF No. 24) is DENIED as moot as these defendants have been dismissed from this action.

IT IS FURTHER ORDERED that the clerk will change the title of defendant Silavong's May 15, 2017 "notice" (ECF No. 20) to be his "answer" to the operative amended complaint (ECF No. 8).

DATED November 8, 2017.

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**